IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

NOVELLA MCKEEVER,

                     Plaintiff,

    v.                                     Action No. 3:09–CV–339

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

                     Defendant.

**MEMORANDUM OPINION**

THIS MATTER, a review of an application for Social Security Disability Insurance Benefits, is before the Court on Novella McKeever's objection (Dock. No. 14) to the Magistrate Judge's Report and Recommendation affirming the finding of an Administrative Law Judge that McKeever was not disabled until November 16, 2007. McKeever says the ALJ should have established an earlier onset date. For the reasons stated below, the Court will OVERRULE McKeever's objection.

**I. BACKGROUND**

The Social Security Commissioner ("Commissioner") evaluates applications for benefits according to a five-step process: asking whether an applicant (1) is performing "substantial gainful activity"; (2) is severely impaired; (3) has an impairment that is at least as severe as one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App'x 1; (4) could continue performing work that she did in the past; and (5) could perform any other job in the national economy. 20 C.F.R. §§ 416.905, 416.920; see Rogers v. Barnhart, 216 F.

1

App'x 345, 347–48 (4th Cir. 2007). If, at any step of that analysis, the Commissioner is able to determine that the applicant is disabled, the inquiry must stop. 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner if the analysis reaches step five. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

In this case, following the prescribed five-step process, the Administrative Law Judge ("ALJ") found at step one that McKeever had not performed substantial gainful activity since the alleged onset of the disability. At steps two and three, the ALJ concluded that she had severe impairments of residuals of osteoarthritis and depression, but that these impairments did not meet or equal any of those listed in 20 C.F.R. Part 404, Subpart P, App'x 1. At step four, the ALJ determined that prior to November 16, 2007, McKeever was not disabled because she had the residual functional capacity ("RFC") to perform light work, including her past relevant work as a janitor. (Accordingly, the ALJ did not proceed to step five in the analysis regarding that time period.) After November 16, 2007, however, the ALJ, relying on an x-ray from that date showing degenerative changes to McKeever's knees and hips, ruled that she had the RFC to perform only sedentary work. Continuing to step five for that time period, the ALJ then found that there was not a significant number of jobs in the national economy that McKeever could perform and, as a result, she was disabled as of that day in November of 2007.

The Appeals Council denied McKeever's request to review the decision, making the ALJ's decision the final decision of the Commissioner. As is her right, McKeever sought judicial review of the ALJ's decision, arguing, inter alia, that the ALJ improperly found that

2

she had the RFC to perform her past relevant work and that the ALJ improperly failed to use a medical advisor to determine her onset of disability date. The Magistrate Judge found that the ALJ's determinations were supported by substantial evidence and affirmed the ALJ's decision. McKeever now objects to the Magistrate Judge's Report & Recommendation ("R&R"), affirming the ALJ and Commissioner's decisions. She again argues that the ALJ improperly failed to employ a medical advisor to determine whether her disability began before November 16, 2007.

## II. ANALYSIS

### A. Standard of Review

The Court may review a denial of benefits by the Commissioner, 42 U.S.C. § 405(g), but it must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (stating that a court must apply that standard to findings of fact by an ALJ). The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001). Thus, a finding is supported by "substantial evidence" if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). And, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. Id. In determining whether a decision satisfies that standard, the Court may not weigh conflicting evidence, evaluate the credibility of

evidence, or substitute its judgment for the Commissioner's findings.  Mastro, 270 F.3d at 176.

**B.  As Found in the Magistrate Judge's R&R, the ALJ Used Proper Legal Standards and Came to a Conclusion Supported by Substantial Evidence**

In her objection, McKeever repeats an argument she made to the Magistrate Judge. She asserts that the ALJ erred under Social Security Ruling ("SSR") 83-20 and Bailey v. Charter, 68 F.3d 75 (4th Cir. 1995), by failing to employ a medical advisor to determine if the evidence showed that she was disabled before November 16, 2007.  She reasons that the November 16, 2007 x-ray that formed the basis of the ALJ's decision that she was disabled after November 16, must also prove that at some time before that date she already had the chronic conditions discovered in the x-ray.  Other medical and record evidence, McKeever says, showed that she had problems beginning in December 2006 and thus the ALJ should have used a medical advisor to evaluate the medical evidence.

In SSR 83-20, the Social Security Administration held that a decision setting the onset date of a disability must have a "legitimate medical basis."  See SSR 83-20 (1983).[1]  In cases when the onset date must be determined from an ambiguous record, such as when there is no evidence documenting the progression of a health problem, SSR 83-20 provides that the ALJ must employ the services of a medical advisor.  The Fourth Circuit has affirmed this requirement, but has also rejected any notion that an ALJ must call on the services of a medical advisor in every case where the onset of a disability may need to be inferred.

---

[1] Social Security Rulings are "binding on all components of the Social Security Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations . . . ."  20 C.F.R. § 402.35(b)(1).

Bailey, 68 F.3d at 79. In Bailey, the Fourth Circuit concluded that the record was ambiguous because there was no evidence establishing the progression of the plaintiff's condition prior to the first medical consultation. Id. It followed that the ALJ's decision to establish, without the aid of a medical advisor, an onset date six months before that first consultation had occurred was considered "wholly arbitrary" and contrary to SSR 83-20. Id.

In contrast to Bailey, the record in this case is not ambiguous. The parties presented sufficient evidence to provide an accurate understanding of the progression of McKeever's condition and to permit the ALJ to determine an onset date based on a legitimate medical basis. Just because the case involved competing pieces of evidence does not mean that the record was ambiguous. After evaluating the entire record, as was required, the ALJ concluded that McKeever failed to produce any substantial evidence to contradict other persuasive medical evidence establishing that she was not disabled under federal law until November 16, 2007. As of that date, however, the ALJ permissibly determined that McKeever's medical records, including the x-ray taken that day, established that she was limited to sedentary work. Those decisions are consistent with SSR 83-20 and Bailey. McKeever's objection is OVERRULED.

### III. CONCLUSION

For the reasons stated above, Plaintiff's objection is OVERRULED and the Court ADOPTS the Magistrate Judge's Report and Recommendation (Dock. No. 13), DENYING McKeever's Motion for Summary Judgment (Dock. No. 6), GRANTING the Commissioner of

Social Security's Motion for Summary Judgment (Docket No. 8), and AFFIRMING the Commissioner's decision denying benefits to McKeever before November 16, 2007.

Let the Clerk send a copy of this memorandum to all counsel of record. An appropriate order will issue forthwith.

It is SO ORDERED.

> _____/s/_____
> James R. Spencer
> Chief United States District Judge

Entered this  14th  day of April 2010